UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKOP A., | Case No. 2:24-cv-02950-FLA (BFM) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. 16]** |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 636, the court has reviewed the Complaint, the records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), and Defendant's objections to the Report.  The court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends that the decision of the Administrative Law Judge ("ALJ") denying Plaintiff's application for Social Security disability benefits be reversed and this matter be remanded for further administrative proceedings.  Dkt. 16.  The Commissioner's objections to the Report, Dkt. 18, do not warrant a change to the Report's findings or recommendations.

/ / /

1    The Commissioner objects that the Appeals Council's rejection of new

2    evidence, as part of its denial of review of the ALJ's decision, was supported by

3    substantial evidence.  Dkt. 18 at 3.  The court, however, does not review the

4    Appeals Council's denial of review for substantial evidence.  "When the Appeals

5    Council denies a request for review, it is a non-final agency action not subject to

6    judicial review because the ALJ's decision becomes the final decision of the

7    Commissioner."  *Taylor v. Comm'n of Social Sec. Admin*., 659 F.3d 1228, 1231

8    (9th Cir. 2011).  Nevertheless, federal courts have the authority to review, as the

9    Report did here, whether evidence presented for the first time to the Appeals

10   Council "should have been considered," as required by the agency's regulations.

11   *Id*. at 1232 (citing 20 C.F.R. § 404.970(b)).  "Where the Appeals Council was

12   required to consider additional evidence, but failed to do so, remand to the ALJ is

13   appropriate so that the ALJ can reconsider its decision in light of the additional

14   evidence."  *Id*.

15   As the Report found, the evidence presented to the Appeals Council reflected

16   erosive changes to multiple joints.  Dkt. 16 at 13; Dkt. 9-3 at 21.  It is unlikely such

17   changes "happened overnight."  Dkt. 16 at 13.  It, therefore, should not have been

18   rejected by the Appeals Council as not relating to the period on or before the date of

19   the ALJ's decision.  *See Taylor*, 659 F.3d at 1233 ("[I]f the Appeals Council

20   rejected [the medical evidence] because it believed it to concern a [later] time . . . ,

21   its rejection was improper."); *see also Nadon v. Saul*, 851 F. App'x 24, 27 (9th Cir.

22   2021) ("The Appeals Council …. erroneously believed that [the medical] opinion

23   'd[id] not relate to the time period at issue' in [Plaintiff's] benefits application.

24   Misunderstanding the temporal scope of a medical opinion is error."); *Edgecomb v.*

25   *Berryhill*, 741 F. App'x 390, 393 (9th Cir. 2018) (remanding case to the agency

26   where "the Appeals Council failed to consider [the medical evidence] on the

27   mistaken belief that it did not relate to the period before the date of the ALJ's

28   decision").  Thus, the Report properly recommended remand to the agency for

consideration of the new evidence.  Dkt. 16 at 14.

The court accepts the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1.  The Report and Recommendation is accepted.

2.  The decision of the ALJ is reversed and the matter is remanded for further proceedings consistent with the Report and Recommendation.

3.  Judgment shall be entered consistent with this Order.

4.  The court Clerk shall serve this Order and the Judgment on all counsel or parties of record.

Dated: March 28, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge